## HARRY G. GIBSON *v.* THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Appeals. Bill of exceptions.*

   The absence of the presiding judge during the progress of a criminal trial cannot be considered on appeal unless manifested by a legal bill of exceptions.

2. SAME. *Special bill of exceptions.*

   A special bill of exceptions signed after adjournment of the court, without authority of law, will, on motion, be stricken from the record.

3. SAME. *Instruction. Reasonable doubt.*

   An instruction in a criminal case authorizing a verdict of guilty upon "full conviction" by the jury from the evidence of defendant's guilt, is not erroneous if it also requires the jury to be satisfied of his guilt to the highest degree of moral certainty and to the exclusion of every reasonable doubt.

4. SAME. *Murder. Conviction on belief of "killing."*

   An instruction authorizing a defendant's conviction of murder, if the jury believe, from the evidence, beyond every reasonable doubt, that he "killed" the deceased, does not constitute reversible error if it be manifest that the killing was murder, and nothing else.

FROM the circuit court of Harrison county.

HON. THADDEUS A. WOOD, Judge.

The appellant, Harry G. Gibson, was indicted for the murder of one John S. Parkhurst. The evidence was largely circumstantial. The second instruction, referred to in the opinion of the court, was in these words: "2. The court instructs the jury, for the state, that absolute metaphysical and demonstrative certainty is never required in the trial of criminal cases, and, although in the application of circumstantial evidence the utmost caution and vigilance should be used, yet, circumstantial evidence may rise so high in the scale of belief as to generate full conviction, and produce the highest degree of moral certainty, and when, after due caution, this result is reached, the jury are authorized to act on it, and if they are satisfied, from all the evidence in this case, to the exclusion of every reasonable doubt, that the defendant killed J. S. Parkhurst, they should so say by their verdict, and find the defendant guilty."

The appellant was convicted and sentenced to be hanged. After the adjournment of the court, the circuit judge, on the application of appellant's attorney, signed what purported to be a special bill of exceptions, in which it was stated that, during the argument of the cause, the presiding judge absented himself from the courthouse. No exception thereto was taken at the time, and the fact was not shown by the record in any other way than by the writing denominated special bill of exceptions.

The state, Gibson having appealed, moved the supreme court to strike the special bill of exceptions from the record. The motion and the case on its merits were argued and submitted together.

*W. G. Evans, Jr.*, and *McWillie & Thompson*, for appellant.

The record discloses two grave errors, either of which is sufficient to justify a reversal. One of the instructions given for the state—the second one—is erroneous, and most hurtfully so. It authorized a conviction upon a standard of proof less than

the exclusion of all reasonable doubt of guilt. It is unnecessary to point out further the vice of this charge, since the very words employed in it have been so recently condemned in the cases of *Williams* v. *State*, 73 Miss., 820, and *Lipscomb* v. *State*, 75 Miss., 559. The instruction is also objectionable because it authorizes a conviction merely upon proof of "killing," and this is condemned in the case of *Hunter* v. *State*, 74 Miss., 515, and the authorities there cited. While the instruction under consideration would be shorn of its error if its concluding clause had been that the jury were to convict only upon proof of guilt beyond every reasonable doubt, yet this is not true, because the concluding clause, in so far as it refers to proof beyond a reasonable doubt, limits the finding to the mere fact of "killing." The other error, equally fatal to the judgment, grows out of the conduct of the circuit judge in leaving the bench and courthouse for some minutes during the progress of the closing argument by the district attorney. This conduct on the part of the presiding judge is condemned in language too plain for comment, and with an emphasis to which we can hope to add nothing, in the recent case of *Ellerbee* v. *State*, 75 Miss., 522, and authorities therein cited.

It may be argued on behalf of the state that no exception to the conduct of the judge was reserved by the accused at the time. But, under the Ellerbee case, and the high authority upon which it rests, not even the consent of the accused could operate to deprive him of the right of having a duly constituted court during every minute of a trial in which his life is in peril. When could objection have been made, and to whom? There could be no court without a judge, and especially is a judge desirable at the critical period in the progress of the case, when counsel for the state is making the closing argument, to which there can be no response, and during which most probably abuse would occur. It will be recalled that, in the case of *Pullman Car Co.* v. *Lawrence*, 74 Miss., it was held to be the duty of the presiding judge, of his own motion, even in a

civil case, to stop counsel transcending the privileges of an advocate.

The special bill of exceptions was signed by the judge, and filed within the sixty days allowed by order of the court for the preparation and filing of the general bill of exceptions; the motion, therefore, to strike it from the record should be disallowed. The filing of the general bill of exceptions did not exhaust the order allowing a bill to be filed within the sixty days.

*W. A. White*, district attorney, and *Wiley N. Nash*, attorney-general, for appellee.

The pretended special bill of exceptions is not such a bill of exceptions as is provided for by law. It does not contain any objection to any ruling, charge or decision of the court. *Dreyfus* v. *Cage*, 62 Miss., 605. There was no objection made or exception taken to the action of the judge in leaving the courtroom, but the bill of exception merely recites that the defendant "excepts"—that is, on March 21, to the action of the court on the preceding twenty-sixth of January. No mention was made of the judge's absence from the court in the motion for a new trial, nor is there any mention thereof in the general bill of exceptions. This special bill of exceptions is of no effect for the further reason that it was not tendered and signed in term time. Code, § 735. The court has no power to extend the time for signing bills of exceptions beyond the time fixed by the statute. *Allen* v. *Levy*, 59 Miss., 613; *Spengler* v. *State*, 74 Miss., 129; *Dreyfus* v. *Cage*, 62 Miss., 605. The special bill in this case was an afterthought, suggested, no doubt, by the opinion in the Ellerbee case, rendered after the appellant's conviction. It merely recites what occurred, without it having been made a matter of record in any way provided by law. *Saucier* v. *Amari*, 63 Miss., 276; *Williams* v. *Ramsey*, 52 Miss., 851; *Helm* v. *State*, 66 Miss., 537. But even if it were properly in the record, it could avail the appellant nothing. The judge did not even temporarily relinquish control of

the court.  He was within hearing, and could instantly have asserted his authority if necessity had arisen.  Everything moved on smoothly, and no objection was made to anything while the judge was out of the room.

The objections to the second instruction are without merit in this case.  There is no doubt but that the killing of Parkhurst was murder.  Whoever killed him, murdered him.  The cases of *Kearney* v. *State*, 68 Miss., 233, and *Hunter* v. *State*, 74 Miss., 515, should not be applied.

Argued orally by *T. A. McWillie*, for appellant, and by *Wiley N. Nash*, attorney-general, for appellee.

WHITFIELD, J., delivered the opinion of the court.

The action of the court below in leaving the bench and retiring to the water closet in the courthouse yard is not manifested to us in any mode known to the law.  It was not made the ground of any exception at any time during the progress of the cause, nor was it in any way referred to in the motion for a new trial.  It was put in a special bill of exceptions, signed by the judge long after the court adjourned.  It is said in the briefs that the decision in *Ellerbee* v. *State*, 75 Miss., 522, was not known until after the court adjourned, and that that accounts for the failure to note the point, in the stenographer's notes or in any other way.  It is not referred to in the general bill of exceptions at all.  The point is, not whether defendant would waive this action of the court, but whether the fact that he did leave the bench is manifested to us by any bill of exceptions provided for by law.  We do not think it is, and the motion to strike this special bill of exceptions from the record is sustained.

The point made as to the second instruction for the state is not maintainable.  The instruction is not open to the objection made to the instruction on the same subject in *Lipscomb* v. *State*, 75 Miss., 559.  It adds the clauses "the highest degree of

moral certainty," and "to the exclusion of every reasonable doubt." And as to use of the word "killed," it is, of course, plain that the killing here was murder and nothing else.

*Affirmed.*